IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

**VAL ENERGY, INC.**,
*a Kansas Corporation*,

    Plaintiff,
 v.
              Case No. 14-1327-RDR
**RING ENERGY, INC.**,
*a Nevada Corporation*,

    Defendant.

## MEMORANDUM AND ORDER

This matter is presently before the court upon plaintiff's motion to remand. Plaintiff contends that this case should be remanded pursuant to 28 U.S.C. § 1447(c) due to defendant's failure to timely remove the case from state court. Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

I.

Val Energy, Inc., a Kansas corporation, filed this case in the District Court of Gray County, Kansas, on July 25, 2014, seeking to recover $180,558.31 from Ring Energy, Inc., a Nevada corporation, for the drilling of two oil wells in Gray County. Ring Energy was served with the summons and a copy of the verified petition by certified mail upon its resident agent, Capitol Corporate Services, Inc., on August 19, 2004. Ring Energy filed a notice of removal on October 8, 2014.

1

Val Energy argues that the petition for removal was not timely filed because it was filed over thirty days after Ring Energy was served with a copy of the state court petition. Ring Energy contends that its notice of removal was timely filed because it was filed within thirty days after it received notice of the filing of Val Energy's state court petition. Ring Energy points out that its registered agent forwarded the petition to it, but it did not learn of the summons and verified petition until September 8, 2014. In making this argument, Ring Energy relies upon certain cases where courts have determined that the time for filing a notice of removal starts when the defendant actually receives the state court petition following service upon a "statutory agent." In response, Val Energy points out that service in this case was made upon a "registered agent," not a "statutory agent." Thus, Val Energy suggests that the removal petition was untimely because the time period for filing the removal petition was triggered by the service upon Capitol Corporate Services, Inc.

II.

A civil action filed in state court is only removable if the action could have originally been brought in federal court. 28 U.S.C. § 1441(a). Federal removal jurisdiction is statutory in nature and is to be strictly construed. First Nat'l Bank &

2

Trust v. Nicholas, 768 F.Supp. 788, 790 (D.Kan. 1991). "There is a presumption against removal jurisdiction," and the burden is on the removing party to show the propriety of the removal. Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995).  28 U.S.C. § 1446(b) requires that the notice of removal be filed within 30 days after the defendant's receipt of the initial petition.  The failure to file a notice of removal within the statutory requirement of thirty days renders the removal defective and results in remanding the case to the state court. Huffman v. Saul Holdings Ltd. Partnership, 194 F.3d 1072, 1077 (10th Cir. 1999).

As a general rule, the thrity-day period for filing a notice of removal begins when notice of the lawsuit is received by a person who is authorized to accept process for the defendant.  See Huffman, 194 F.3d at 1077.  Most courts, however, have held that when the service is effected on a statutory agent, the time period does not start until the defendant has received a copy of the complaint.  See Gordon v. Hartford Fire Ins. Co., 105 Fed.Appx. 476, 480-81 (4th Cir. 2004); Renaissance Marketing, Inc. V. Monitronics Intern., Inc., 606 F.Supp.2d 201, 206 (D.P.R. 2009); Tucci v. Hartford Financial Services Group, Inc., 600 F.Supp.2d 630, 634 (D.N.J. 2009); White v. Lively, 304 F.Supp.2d 829, 831 (W.D.Va. 2004);

Lilly v. CSX Transp., Inc., 186 F.Supp.2d 672, 675 (S.D.W.Va. 2002); Hibernia Community Development Corp., Inc. v. U.S.E. Community Services Group, Inc., 166 F.Supp.2d 511, 513 (E.D.La. 2001); Wilbert v. Unum Life Ins. Co., 981 F.Supp. 61, 63 (D.R.I. 1997); Medina v. Wal-Mart Stores, Inc., 945 F.Supp. 519, 520 (W.D.N.Y.1996).  At least two courts, including a decision by Judge Murguia of this district, have held otherwise.  Ross v. Scottsdale Ins. Co., 2010 WL 4810211 (E.D.Mo. Nov.19, 2010); Ortiz v. Biscanin, 190 F.Supp.2d 1237 (D.Kan.2002).  The reason for the exception has been explained as follows: "Statutory agents, unlike agents in fact, have both limited purpose and limited power.  In fact, they are not true agents but merely a medium for transmitting the relevant papers."  Tucci, 600 F.Supp.2d at 633 (internal quotations and citations omitted).

In its response, Ring Energy has at times referred to Capitol Corporate Services, Inc. as its "registered agent" and at times as a "statutory agent."  The court finds, as suggested by Val Energy, that Capitol Corporate Services is a "registered agent" for Ring Energy, not a "statutory agent."  In Kansas, foreign corporations conducting business in Kansas must appoint resident agents for service of process.  K.S.A. 17-6202(a). This statutory requirement, however, does not make the resulting receiver of process a "statutory agent."  Rather, the corporation

4

has the power to designate its own agent and, thus, has a greater deal of control than it has over a statutory agent. True statutory agents are government officials who are designated to receive service of process or other documents under state law. These agents are not agents in fact, but as pointed out earlier, are merely mediums for the transmission of important papers.

The court need not determine whether service upon a statutory agent starts the thirty-day period under § 1446(b) because service here was upon a registered agent, an agent designated by the defendant. As such, the thirty-day time period began to run when Capitol Corporate Services received the petition and summons. Thus, Ring Energy did not timely seek removal since its notice of removal was filed over thirty days after receipt of the petition and summons. The court shall remand this case to state court due to Ring Energy's failure to timely file its petition for removal.

**IT IS THEREFORE ORDERED** that plaintiff's motion to remand (Doc. # 4) be hereby granted. This case shall be remanded to the District Court of Gray County, Kansas.

**IT IS SO ORDERED.**

Dated this 31st day of October, 2014, at Topeka, Kansas.

5

```
                              s/RICHARD D. ROGERS
                              Richard D. Rogers
                              United States District Judge
```

.